Saco *v.* Osgood.

*The inhabitants of* SACO *vs.* OSGOOD.

Where one gave bond to a town, conditioned to support its paupers for five years, and to save the town harmless from all damages, costs and expenses which might happen or accrue for or on account of the liability of the town to be called upon to support or provide for poor persons; and after the expiration of the five years, a suit was commenced against the town, for supplies furnished to a pauper by another town, accruing partly before and partly after the expiration of the term; in which suit the defendants prevailed;—it was held that the obligor was liable for his proportional part of the expenses of defending this suit, within the condition of the bond.

THIS action, which was debt on bond, came before the court upon a case stated by the parties, to the following effect.

The defendant gave bond to the plaintiffs *April* 25, 1820, conditioned to support all the paupers then by law chargeable to *Saco,* or who should be by law chargeable, during the term of five years from the first day of *May* then next; and to " save the town harmless from all damages, costs and charges that shall accrue or happen to said town for or on account of the liability of said town to be called upon to support and provide for poor persons, as well as those that are chargeable to the State, and other towns, as those belonging to said town ;"—and providing that " in all cases, at his own charge, in the name of said town," he might appear and defend any suits respecting paupers, to final judgment, &c.

On the 24th day of *October* 1825, after the expiration of the five years, the inhabitants of *Hallowell* commenced their suit against *Saco,* to recover monies expended for the support of a female pauper, for one year and seven months, commencing *March* 24, 1824, and ending *October* 24, 1825 ; which was successfully defended by *Saco,* but at an expense of one hundred and twenty five dollars more than was recovered in costs ; and the present suit was brought to recover against the defendant his proportion of that sum.

*Thacher* and *Fairfield,* for the defendant, contended that as the

pauper in question had not a settlement in *Saco*, and nothing was in fact paid for her support, no charges or expenses had " happened or accrued" to the town, till the inhabitants of *Hallowell* commenced their suit, which was not till after the expiration of the time nominated in the bond ; and therefore that for such expenses the defendant was not liable.

But if the suit had been earlier, the plaintiffs could not recover. The defendant was bound in respect to the support of paupers chargeable to the State, or to other towns, receiving relief in *Saco* ; and of the paupers actually belonging to *Saco*. But no provision is made for indemnifying the town against the expenses of any groundless suit brought against it, in relation to persons not belonging to *Saco*, nor receiving relief there. Such suits were not anticipated by the parties, nor provided for in the bond ; and must be defended by the town at its own charge.

*J.* and *E. Shepley*, for the plaintiffs.

Mellen C. J. delivered the opinion of the Court.

From a careful examination of the whole contract on which this action is founded, it is easy to ascertain the intentions of the parties. *Osgood*, for the stipulated compensation, must be considered as having assumed to defray all those expenses which the town of *Saco* would have been obliged to defray, for the maintenance of their poor during the stipulated term of five years ; and to save the town harmless from all damages and costs in actions prosecuted against the town on alleged causes of action accruing within the limits of the above term. The language of the bond, on this part of his duty, is, that he shall " save the town harmless from all damages, costs and charges that shall accrue or happen to said town, for or on account of the liability of said town to be called upon to support and provide for poor persons, as well those that are chargeable to the State and other towns, as those belonging to said town." The term " liability," as here used, does not mean a legal liability to a recovery of damages ; but it is used in a popular sense. The " liability to be called upon to support poor persons," is a very different thing

Saco *v.* Osgood.

from a liability to support them. The town of Saco, like other towns, is liable to be called upon by suit, though the suit may be successfully defended ; and the bond of the defendant was intended to save the town from the expenses of such suits, whether well founded or not. The action by *Hallowell* against *Saco* is one embraced by the terms of the condition. In answer to the objections of the defendant's counsel as to the extent of liability in point of time, we would observe that the liability has reference only to those expenses which other towns claim as having been actually incurred within the stipulated five years. If claimed as incurred before, the condition would not extend to an action brought to recover them within the term ; and if claimed as incurred within the term, an action would lie after the expiration of the term. This is the construction and limitation which justice and the reason of the thing require. In another part of the condition it is provided that he was to defend actions at his own expense ; and to be furnished by the overseers of the poor with all such information as might be necessary in relation to the actual or alleged liability of the town to the claims of other towns. By examining the claim of *Hallowell*, it appears that a part of their pretended claim against *Saco*, in the action alluded to, was for expenses incurred without the limits of the five years ; the effectual resistance to which action, as to such part, was for the benefit of the town, and not the defendant merely ; and should therefore be considered by way of reducing the plaintiffs' demand for the expenses incurred in defending the action. By deducting the ascertained proportion, there will remain due to the plaintiffs, the sum of $82,37. The defendant must be defaulted, and judgment entered against him for that amount.